## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| RABO AGRIFINANCE, INC., as successor in interest to Rabo Agservices, Inc., | Civil No. 10-983 (JRT/JSM) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WACHOVIA CAPITAL FINANCE CORPORATION, | |
| Defendant. | |

Jon R. Brakke, **VOGEL LAW FIRM**, P.O. Box 1389, Fargo, ND 58107-1389, for plaintiff.

Nadege J. Souvenir and Virginia A. Bell, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402, for defendant.

Plaintiff Rabo Agrifinance, Inc. ("Rabo"), as successor in interest to Rabo AgServices, Inc., is a financial services provider for the agricultural industry. Rabo brought this diversity action against defendant Wachovia Capital Finance Corporation ("Wachovia") alleging conversion. The alleged conversion centers on the proceeds from a sale of cattle in which Rabo claims a security interest. Wachovia moves to dismiss the suit on the grounds of res judicata and failure to join a necessary and indispensible party. Since the Court finds the same set of facts are not at issue in any previous litigation, the

parties were not in privity, Rabo has not had an opportunity to fully litigate its claims, and Zych is not a necessary party, the Court denies the motion.

**BACKGROUND**

Wayne and Diane Zych ("Zych")[1] were Minnesota cattle farmers who received financing for their operation from Rabo in March of 2005. (Pl.'s Mem. in Opp'n at 1–2, Docket No. 13.) Rabo received a security interest in, among other things, Zych's cattle. (*Id.*) Rabo perfected its interest by filing a financing statement with the Minnesota Secretary of State on April 4, 2005, and simultaneously submitting a central financing statement to the state, pursuant to the federal Food Security Act. (*Id.* at 2.) The collateral in which Rabo held the interest included Zych's cattle. (*Id.*)

Between April 21 and 25 of 2005, Zych – under the fictitious name of W-Zych Cattle Company – sold 256 head of cattle to GFI America, Inc. ("GFI"), who resold the cattle to National Beef Packing Company ("National Beef"). (*Id.* at 3.) National Beef deposited $280,992.42 in GFI's bank account with Wachovia. (Compl. at XI, Docket No. 1.) Wachovia then dishonored the checks written by GFI to Zych. (Pl.'s Mem. in Opp'n at 3, Docket No. 13.)

This trail of actions led to numerous court proceedings involving two or more parties:

- In November of 2005, Zych sued GFI. *Zych et al. v. GFI Am., Inc.,* No. 05-02623 (D. Minn. Aug. 9, 2006) (dismissed without prejudice).

---

[1] The Court uses "Zych" in the singular for the remainder of the opinion since only Wayne Zych was a party to the Adversary Proceeding that is the basis of much of the analysis.

- In December of 2005, GFI filed for bankruptcy. *In re GFI Am., Inc.*, Bankr. No. 05-047855 (Bankr. D. Minn.) (Zych settled for $120,393 against GFI).

- Also in December of 2005, Wachovia sought a judicial determination of its lien priority in GFI's bank accounts. *Wachovia Capital Fin. Corp. v. GFI Am., Inc.*, Adversary No. 05-04323, Bankr. No. 05-047855 (Bankr. D. Minn. 2005) ("Adversary Proceeding") (Zych settled with Wachovia, accepting $120,393 in January of 2007 without dismissing other claims regarding the cattle sale).

- In December of 2006, Rabo filed suit against Zych for the defaulted note in state court. *Rabo Agrifinance, Inc. v. Wayne Zych and Diane Zych*, No. 78-cv-06-141 (Minn. Dist. Ct.) (Rabo was granted summary judgment and a judgment of $2,997,514.89 against Zych in May of 2007).

- In April of 2007, Zych brought an action against National Beef. *Zych, et al. v. Nat'l Beef Packing Co., LLC*, No. 07-cv-1963 (D. Minn.) (determination pending).

- In June of 2007, Zych filed for bankruptcy. *In re Zych*, Bankr. No. 07-60334 (Bankr. D. Minn.) ("Zych Bankruptcy Proceeding"). Rabo attempted to lift the stay and reach the Wachovia settlement funds but was unsuccessful. *In re Zych*, 379 B.R. 857 (D. Minn. 2007).

- In January of 2010, Rabo and Zych entered into a settlement regarding the Wachovia funds as a part of Zych's bankruptcy proceedings. *In re Zych*, Bankr. No. 07-60334, Docket No. 284 (Bankr. D. Minn.)  In April of 2010, Zych failed to perform the requirements under that settlement with Rabo and as a result the court dismissed Zych's bankruptcy. *Id.*, Docket No. 292.

- In March of 2010, Rabo filed this suit for conversion against Wachovia. *Rabo Agrifinance, Inc. v. Wachovia Capital Fin. Corp.*, Case No. 10-00983 (D. Minn.).

At no point in the above listed actions were all the interested and affected parties joined so that the rights to the cattle sale proceeds could be finally determined. As a result, ownership and the priority of claims on the proceeds remain unclear.

## DISCUSSION

### I. STANDARD OF REVIEW

Wachovia brings this motion under Rule 12(b)(6) for failure to state a claim and under Rule 12(b) (7) for failure to join a party under Rule 19. Wachovia asserts that the Adversary Proceeding settlement is cause for dismissal under the principle of res judicata and that Zych is a necessary and indispensible party as contemplated by Rule 19. In evaluating a motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Res judicata is an issue of law that may be determined on a motion to dismiss. *See, e.g.*, *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) ("In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim."). However, "the facts that establish the defense must be **definitively ascertainable** from the allegations of the complaint, the documents (if any)

incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *Id.* (emphasis added).

## II.   ANALYSIS

### A.   Res Judicata

"[T]he res judicata effect of a federal judgment is determined by federal common law" in the absence of a governing statute or rule. *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 n.12 (5th Cir. 2007) (citation omitted). In a diversity action, however, federal common law incorporates the res judicata rule of the forum state. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Minnesota state law, res judicata may bar a plaintiff from bringing a claim if four requirements are satisfied: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004). Wachovia seeks dismissal of this action, asserting that the case is barred by res judicata.

#### 1.   Same set of factual circumstances

"[T]he focus of res judicata is whether the second claim 'arise[s] out of the same set of **factual circumstances**.'" *Id.* at 840 (internal citations omitted). "[Therefore,] the *facts* surrounding the occurrence which constitutes the cause of action – not the legal theory . . . – must be identical in both actions to trigger res judicata." *Id.* (quoting *Meagher ex rel. Pension Plan v. Bd. of Trs. of Pension Plan*, 921 F. Supp. 161, 167

(S.D.N.Y. 1995).  Further, to constitute the same set of factual circumstances, the facts at issue in each case must have occurred contemporaneously.  "[C]laims cannot be considered the same cause of action if 'the right to assert the second claim did not arise at the same time as the right to assert the first claim.'"  *Id.* at 841 (internal citation omitted).

Wachovia asserts that the sale of the cattle and the subsequent dishonoring of GFI's checks in payment form the factual basis out of which both this case and the Adversary Proceeding arose.  Rabo contends that its claim for conversion against Wachovia relies on a difference set of factual circumstances.  The Court finds that the two proceedings do not arise out of the same set of facts. Rabo is asserting a right to the money settlement that was the **result** of the Adversary Proceeding.  The factual circumstances from which its claim arises includes both the facts of the cattle sale **and** the additional fact of a money settlement in the Adversary Proceeding.  The latter fact did not arise until after the Adversary Proceeding concluded.  *Rabo Agrifinance, Inc.,* No. 78-cv-06-141. Whether or not Rabo is asserting a claim on a different legal theory is immaterial to the res judicata analysis since it is **facts** that are determinative at this stage.

    **2.**    **Same parties or privies**

Rabo was not a party to the Adversary Proceeding, but Wachovia asserts that it is a party in privity to Zych.  "There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata.  Who are privies requires careful examination into the circumstances of each case as it arises."  *McMenomy v. Ryden*, 148 N.W.2d 804, 807 (Minn. 1967) (internal quotation and citation

omitted). The Court must examine the legal interests of the parties to ascertain whether, in the prior proceeding, one party was representing the interests of another such that a second suit would be cumulative.

> "Privity" expresses the idea that as to certain matters and circumstances, people who are not parties to an action but who have interests affected by the judgment as to certain issues in the action are treated as if they were parties. Privies are those so connected with one another in law as to be identified with each other in interest.

*SMA Servs., Inc. v. Weaver*, 632 N.W.2d 770, 774 (Minn. Ct. App. 2001) (internal quotation and citations omitted).

Wachovia contends that Rabo is in privity with Zych since the same money – the cattle sale proceeds – is at issue in both cases. Additionally, it asserts that Rabo conceded privity in the Zych Bankruptcy Proceeding by arguing that its security interest had attached to the settlement funds. Rabo argues that it is not in privity with Zych since the two parties were in litigation over that very security interest in several proceedings. The Court finds that Rabo and Zych were not in privity in the Adversary Proceeding. The Adversary Proceeding was not brought on behalf of Rabo, and Rabo exercised no control over that lawsuit. To the contrary, Zych has demonstrated a history of evading its obligations to Rabo, not only by failing to repay the original debt, but also by not following through with the agreement with Rabo regarding that debt. *In re Zych*, Bankr. No. 07-60334, Docket No. 292. Rabo also did not have the right to appeal the judgment in the Adversary Proceeding. Given that Rabo alleges Zych created a fictitious company to sell the cattle – likely to avoid Rabo's lien – it would be illogical

to hold that Zych was litigating in the interests of Rabo at the time of the Adversary Proceeding regarding that same sale.

### 3. Final Judgment on the Merits

A judgment based on a settlement agreement is a final judgment on the merits, but only with respect to those issues and claims actually settled. *Goldberger v. Kaplan, Strangis & Kaplan, P.A.*, 534 N.W.2d 734, 736 (Minn. Ct. App. 1995). The parties agree that the Adversary Proceeding is a final judgment. Rabo, however, argues that it is not a judgment on the merits because the settlement excludes liens such as Rabo's. Wachovia responds that the language in the settlement regarding liens was simply a representation by Zych that there were no liens that would impact the settlement. The Court finds that the settlement in the Adversary Proceedings was a final judgment but it is not binding on Rabo since the other factors of res judicata are not met.

### 4. Full and Fair Opportunity to Litigate

A party is considered to have had a full and fair opportunity to litigate if in the prior proceeding it had an incentive to fully litigate and there were no procedural limitations or relationships between the parties that limited its ability to fully litigate. *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001).

Wachovia asserts that since Zych was in privity with Rabo and had motivation to fully litigate, Rabo can be imputed to have fully and fairly litigated the issue. The Court has already resolved the privity issue in Rabo's favor. Rabo asserts that since it was not a party to the Adversary Proceeding, it had no chance to litigate. Rabo further observes

that Wachovia neglected to do a central notice search on Zych prior to the settlement, which would have alerted Wachovia to Rabo's interest and allowed it to join Rabo in the proceedings.  Given that the Court has determined Zych's interests and Rabo's were not in tandem, and therefore there was no privity between the two, it cannot be said that Rabo had the opportunity to fully litigate the issue.  Further, having neglected to do a search of central filings for liens Wachovia now asserts that the language in the settlement agreement was an assurance by Zych that there were no liens.  This argument is not persuasive.  Wachovia was the more sophisticated party at the Adversary Proceeding.  It should have done a central filing search and not relied on Zych's representations about liens.  If the mention of liens in the settlement agreement truly did mean that Zych was representing there were no liens, then clearly Wachovia's assertion of privity between Rabo and Zych is unsupportable.  The Court finds that Rabo has not had an opportunity to fully and fairly litigate its claim for the settlement proceeds.

Therefore, assuming the facts pleaded by the plaintiff to be true as required by the procedural posture of this case, the Court must deny Wachovia's Motion to Dismiss on the basis of res judicata since the basis of a res judicata claim are not **definitively ascertainable**.

### B. Failure to Join a Necessary and Indispensible Party

Wachovia next asserts that the Court should dismiss the case on the failure to join a necessary and indispensible party: Zych.

### 1. Necessary

Whether a party is necessary for litigation is determined by Federal Rule of Civil Procedure 19.

> A court initially considers whether the party is subject to compulsory joinder under Rule 19(a). If the party is subject to compulsory joinder, and joinder of the party is feasible, the court shall join the party rather than dismissing the action. If the party is subject to compulsory joinder, but joinder of the party is not feasible, then the court turns to Rule 19(b). It requires the court to decide whether, in equity and good conscience, the action should proceed among the remaining parties.

*St. James v. New Prague Area Cmty. Ctr.*, 2006 WL 2069197, at *1 (D. Minn. 2006). Rule 19(a) requires that a party must be joined if, absent joinder, the court can afford complete relief, or the missing party's interests would be harmed, or the absence of the party would leave an existing party with multiple obligations. Fed. R. Civ. P. 19(a).

Wachovia asserts that Zych is a necessary party because the previous litigation has shown that complete relief is elusive without joinder. Wachovia also argues that in the absence of Zych, the Court will not be able to afford complete relief since it will not be able to allocate money to Rabo in light of the settlement agreement between Wachovia and Zych. Additionally, Wachovia claims that without joinder, Zych's interests will be impeded and Wachovia may be subject to double obligations – owing both Zych and Rabo the amount in the settlement agreement. Rabo argues that since its claim is different from Zych's, it is not inconsistent for Wachovia to potentially be obligated to both it and Zych.

The Court finds that an inquiry into whether Zych is a necessary party fails on all levels. Wachovia failed to join Rabo in the Adversary Proceeding; now it attempts to use res judicata to dismiss this litigation. It is Rabo who has been unable to get complete relief from the court system thus far, not Zych. Zych's interest is not impeded by a determination in this case. Rabo already has a favorable state court judgment against Zych so arguably Zych does not have a possessory interest in any money potentially awarded to Rabo in this lawsuit. Wachovia can implead Zych for any disbursements already made or Zych can intervene to protect any supposed interest. Any disbursements that Wachovia has already made will factor into damages but are not dispositive as to liability. Accordingly, the Court finds that Zych is not a necessary party.

### 2. Indispensible

As a result, there is no need to determine if Zych is indispensible. However, the Court briefly notes that Wachovia asserts that Zych cannot be made a party. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119 n.15 (1968) (noting that the term 'indispensable' is used "only in a conclusory sense, that is, a person is 'regarded as indispensable' when he **cannot** be made a party . . . .") (internal quotation omitted). Wachovia asserts that Zych is indispensible since res judicata "may be" a bar for joinder. (Def.'s Mem. in Supp. at 15, Docket No. 10.) Zych's possible defenses do not make joinder impossible such that dismissal is warranted. If failure to join a party becomes relevant as discovery proceeds, Wachovia may renew its motion for dismissal. Fed. R. Civ. P. 12(h)(2).

Therefore, assuming the facts pleaded by the plaintiff to be true, the Court denies Wachovia's Motion to Dismiss for failure to join a necessary and indispensible party.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Wachovia Capital Finance Corporation's Motion to Dismiss [Docket No. 7] is **DENIED**.

DATED: February 11, 2011　　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge